Filed 7/20/15  In re Luis E. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re LUIS E., a Person Coming Under the Juvenile Court Law. | |
| | D067159 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J234699) |
| v. | |
| LUIS E., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Respondent.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

BACKGROUND

At approximately 5:20 p.m. on August 28, 2014, uniformed San Diego Police Officer Zach Pfannenstiel was on patrol with another officer, in a marked patrol car, in the area of 32nd and Commercial in San Diego. They were assigned to the gang suppression team, which was conducting "saturation patrol, fourth amendment waivers, [and] probation searches," in certain areas of the city, including the area around 32nd and Commercial. Pfannenstiel regarded the area as a problem area because of people drinking and smoking on the trolley platforms, and because citizens had asked the police to specifically monitor the local trolley stops and platforms. Pfannenstiel knew those particular stairs were a "hangout" and they often checked the stairway to see whether there were individuals sitting in the middle of the stairs, blocking pedestrian traffic.

As he was patrolling, Pfannenstiel saw three individuals sitting in the middle of the stairway that connects the Imperial Avenue sidewalk and the raised trolley platform. The three individuals appeared young, between the ages of 17 to 20 years old. They were blocking the stairway and smoking. There was no ashtray located near the three individuals. There was graffiti located nearby.

Pfannenstiel was aware there was a municipal code section stating individuals were not allowed to block a sidewalk to pedestrian traffic, and he was also aware that smoking on the stairs violated Vehicle Code section 23111. He decided to investigate what could be possible violations of those offenses. Pfannenstiel's partner made a U-turn and parked their patrol car near the stairs.

As soon as they saw the patrol car park at the curb near the bottom of the stairs, the three individuals ran up the stairs and onto the raised trolley platform. Both officers

yelled for them to stop and when they ignored the officers' orders, the officers pursued them. Two of the three individuals were caught and detained by the officers. Jonathan Deguzman, a third officer who arrived at the scene, caught up with and detained appellant. He handcuffed appellant. He told appellant he was not under arrest but Deguzman patted appellant down for weapons. No weapons were found. After a record check revealed appellant was a juvenile on probation, he was searched. In appellant's right front pants pocket Pfannenstiel found a battery powered etching tool. It was a metal, handheld device that could be used to etch items like mirrors and windows. The device was sharpened and in working order. Pfannensteil was able to use it to etch a line on handcuffs. The officers knew the device was illegal. Appellant generally admitted the device was illegal but did not know why he had it.

The San Diego County District Attorney's Office filed a delinquency petition alleging that appellant came within the provision of Welfare and Institutions Code section 602, subdivision (a), in that he committed two felonies, i.e., delaying a public officer in the discharge of his duties in violation of Penal Code[1] section 148 (count 1); and possession of a masonry and glass drill bit with the intent to commit vandalism or graffiti in violation of section 594.2, subdivision (a) (count 2).

On November 20, 2014, the juvenile court denied appellant's motion to suppress and sustained as true the allegations in counts 1 and 2. Appellant was declared a ward of the court pursuant to Welfare and Institutions Code section 726, subdivision (a)(3). He was committed to the Breaking Cycles program for a period not to exceed eight months.

Appellant filed a timely notice of appeal.

---

[1] Unless otherwise specified all further references will be to the Penal Code.

DISCUSSION

Appellant's sole argument on appeal is that the officers had no legal justification to detain him. We disagree.

Whether a seizure is proper is a mixed question of law and fact. We review the findings of fact under the substantial evidence standard and then decide the ultimate question of constitutionality de novo. (*People v. Zamudio* (2008) 43 Cal.4th 327, 342.) Under this standard we must uphold the trial court's express and implied factual findings which are supported by substantial evidence. (*People v. Lawler* (1973) 9 Cal.3d 156, 160.) We then independently evaluate as a question of law, whether the seizure or search conforms to the constitutional standard of reasonableness. (*People v. Glaser* (1995) 11 Cal.4th 354, 362.)

The facts of this case are not complicated. The officers were patrolling a problem area involving gang activity. When they saw appellant, he was with two companions, they appeared between the ages of 17 and 20. The three of them were sitting as a group, blocking a pedestrian access to the trolley platform, which the officers believed in effect was tantamount to blocking the sidewalk. This was a violation of San Diego Municipal Code section 52.53. The three also appeared to be smoking and flicking ashes onto the area next to the street, a violation of Vehicle Code section 23111, which prohibits discarding ash onto "any road or highway or adjoining area." As soon as the appellant and his two companions saw the officers park their car, they ran.

The court determined the detention and arrest of appellant did not violate his Fourth Amendment rights. He fully set forth the basis for his decision. As he stated, when the officers pulled up, they saw appellant and his companions, who appeared to be

4

minors, smoking and depositing ash. The officers were patrolling a high crime area. The officers then attempted to contact and investigate. They were not able to do this because once they were seen by appellant and his companions they ran from the area despite direct orders to stop. Once appellant and his companions were apprehended and it was discovered he was on probation he was searched and the engraving tool was found.

We conclude the evidence presented provides substantial evidence to support the factual findings of the trial court. We likewise independently agree with the legal conclusion reached by the trial court. There was no violation of appellant's Fourth Amendment rights.

Contrary to appellant's argument on appeal, he was not simply sitting on a stairway. He and his companions were blocking a pedestrian stairway in a high crime area. This activity was one specifically complained of by the public and known as a problem by the officers. Given their apparent youth and the appearance that in addition to blocking public access they were smoking and depositing ash in the area, in violation of the law, the officers were justified in making an investigatory stop. We conclude the totality of facts known to the officers and their experience in the particular high crime area provided objective manifestation criminal activity was afoot. (*Terry v. Ohio* (1968) 392 U.S. 1.)

In the process of beginning the investigatory stop, appellant and his companions fled. Although appellant is correct that individuals stopped by the police may elect to go about their business, unprovoked flight may be indicative of consciousness of guilt, and serve as a key factor in detaining the subject. (*In re H.M.* (2008) 167 Cal.App.4th 136, 145; *People v. Osborne* (2009) 175 Cal.App.4th 1052, 1057-1058.) The flight here

5

prevented the officers from conducting a justifiable contact to determine the degree to which the juveniles were engaging in illegal activity. Because the police inquiry into appellant's activities was proper, the attempt to avoid or delay the investigation amounted to illegal delay of the officers' discharge of their duties. (See *People v. Allen* (1980) 109 Cal.App.3d 981, 985-986.)

We are not convinced by appellant's argument that the officers could not detain him unless they knew for certain that he was under the age of 18. Appellant was detained in large part because he fled from the officers, who were acting in the proper discharge of their duties.

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

McDONALD, J.

IRION, J.